IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2226-WYD-CBS

STEPHANIE CHAVEZ;
DANA COLLINS;
CINDY MONTGOMERY;
SHELLY VANMETER,

    Plaintiffs,

v.

JUDITH MILLER;
7 BRIDGES RECOVERY, LLC,

    Defendants.

_____

**ORDER**
_____

    THIS MATTER is before the Court on Plaintiffs' Unopposed Motion for Dismissal of Case Without Prejudice (ECF No. 19), filed on February 22, 2016.

    Plaintiffs filed the instant case on October 7, 2015. Defendant Judith Miller, acting *pro se*, filed an answer on October 29, 2015. Defendant 7 Bridges Recovery has not filed an answer or other pleading in this matter.[1] Plaintiffs filed a Suggestion of Bankruptcy (ECF No. 18) on February 10, 2016, notifying the Court that Defendant Miller filed a petition for bankruptcy relief under Chapter 13. In the present motion, Plaintiffs request that, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the Court dismiss the current action without prejudice against the Defendants. Plaintiffs note that Defendant Miller does not oppose this motion, but that Defendant Miller's bankruptcy counsel "was unable to take a position on behalf of Ms. Miller" as to this motion.

---

[1] Plaintiffs note in their Complaint that Defendant Judith Miller is the sole member of Defendant 7 Bridges Recovery. *See* ECF No. 1, ¶ 3.

Plaintiffs note that although this motion is unopposed, "it is not altogether clear that a stipulation could effect the desired result, as this case is currently stayed as to Defendant Miller under 11 U.S.C. § 362(a)," meaning that a dismissal by stipulation may not be possible due to the current bankruptcy stay. Pl.'s Motion, ECF No. 19, p. 2. Section 362(a) prevents the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the debtor's bankruptcy case.

Although no case law from the Tenth Circuit was located that is directly on point, courts in other jurisdictions have addressed this issue. In general, these courts have held that the automatic stay under section 362(a) does not prevent a court from dismissing a case against the debtor on motion of the plaintiff pursuant to Rule 41. *See Arnold v. Garlock, Inc.*, 288 F.3d 234 (5th Cir. 2002) (holding that district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay); *Slay v. Living Ctrs. Inc.*, 249 B.R. 807 (S.D. Ala. 2000) (noting that the filing of bankruptcy "raises an interesting question," which is whether the automatic stay precludes a plaintiff from voluntarily dismissing an action under Rule 41, and finding that it does not because voluntary dismissals "assist rather than interfere with the goals" of bankruptcy); *Chase Manhattan Bank v. Celotex Corp.*, 852 F. Supp. 226 (S.D.N.Y. 1994) (holding that "the purposes of the Bankruptcy Code [a]re in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors.").

In contrast, courts have held that where an order of dismissal against the debtor would require the court to consider issues related to the underlying case, the dismissal would constitute an impermissible continuation of the judicial proceeding and would be barred by the automatic stay. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754 (9th Cir. 1995); *Settles v. Comm'r of Internal Revenue*, 2012 WL 1605350 (U.S. Tax Ct. May 8, 2012). In *Dean*, the Ninth Circuit noted that section 362 has two broad purposes: 1) it "provides debtors with protection against hungry creditors;" and 2) it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Dean*, 72 F.3d at 755-56. The court noted that dismissal is not appropriate "where a decision to dismiss requires a court to first decide any other issues presented by or related to the underlying [bankruptcy] case." *Id.* at 756.

Here, the Court finds that the dismissal of Plaintiffs' claims against Defendants is consistent with the purposes of section 362(a), and the Court need not consider any issues presented by or related to the underlying bankruptcy case in determining whether to grant the motion to dismiss. Accordingly, it is

ORDERED that Plaintiffs' motion to voluntarily dismiss the current action without prejudice (ECF No. 19) is **GRANTED**. The Clerk of the Court is directed to close the case.

Dated: March 15, 2016.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE